UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
WILLIAM ANTHONY EVANS,

                    Petitioner,

        -against-                        MEMORANDUM AND ORDER
                                         10-CV-4607 (JS)

WILLIAM A. BROWN,

                    Respondent.
------------------------------------X
APPEARANCES:
For Petitioner:     William Anthony Evans, pro se
                    Eastern Correctional Facility
                    Napanoch, NY 12458

For Respondent:     No appearance


SEYBERT, District Judge:

        Petitioner William Anthony Evans has twice filed
Petitions for Writs of Habeas Corpus with this Court, the most
recent of which was transferred to the Second Circuit as an
unauthorized successive petition. See Evans v. Brown, No. 09-
CV-5499 (E.D.N.Y. Jan. 25, 2010). Petitioner again makes a
request for relief, this time styled as a Petition for a Writ of
Audita Querela (the "Petition"). The present Petition raises
the same argument Petitioner put forth in his most recent habeas
petition. As discussed below, the Court sua sponte determines
that it lacks jurisdiction over what it construes as another
unauthorized successive habeas petition and, in the interest of
justice, directs the Clerk of the Court to transfer the Petition

to the United States Court of Appeals for the Second Circuit.

BACKGROUND

Petitioner claims that he was erroneously sentenced as a persistent felony offender in 1992. See N.Y. PENAL L. § 70.10. A "persistent felony offender" is one who has been convicted of two or more prior felonies, id., and Petitioner was convicted of felonies in 1974 and 1981. He claims, however, that his 1981 sentence originally noted his earlier, 1974 conviction, but that the 1981 sentence paperwork was later amended to reflect Petitioner's alleged status as a first-time felony offender. Petitioner claims that this paperwork change vitiates his 1974 conviction, thus leaving only his 1981 conviction in place at the time of his 1992 sentencing. He argues, therefore, that in 1992 he was illegally sentenced as someone with two or more prior convictions when, in actuality, he only had one prior--his 1981 conviction. (Pet. at 4.)

Defendant moved in state court to set aside his sentence pursuant to New York Criminal Procedure Law Section 440.20(1). (Pet. Ex. at 7.) Supreme Court, New York County, denied Petitioner's motion, ruling that "[t]he problem with defendant's initial paperwork notwithstanding, the sentence imposed was an authorized legal sentence for the crimes of which defendant stood convicted." New York v. Evans, 2006 WL 2863263,

at *2 (N.Y. Sup. Ct. 2006).

## DISCUSSION

Setting aside whether Petitioner raises a cognizable federal constitutional claim, the proper avenue for his challenge is through a habeas petition pursuant to Section 2254 of Title 28 of the United States Code ("Section 2254"), not through a writ of audita querela. A writ of audita querela is available in extremely limited situations to fill gaps in the federal post-conviction relief regime. See Collins v. United States, No. 04-CV-1472, 2009 U.S. Dist. LEXIS 23613, at *3-4 (S.D.N.Y. Mar. 23, 2009). The writ is not available when a prisoner has other post-conviction remedies available, such as a habeas proceeding under Section 2254. See United States v. Chacon, No. 10-CV-2095, 2010 U.S. App. LEXIS 24532, at *3 (10th Cir. Nov. 30, 2010). That remedy is not ineffective simply because the statute severely restricts successive petitions. Id. Petitioner's recourse is through a habeas petition, and he must obtain authorization to file a successive petition from the Second Circuit. 28 U.S.C. § 2244(b)(3)(A); see Chacon, 2010 U.S. App. LEXIS 24532, at *3-4.

The Court construes the instant Petition as an unauthorized successive habeas motion over which the Court lacks jurisdiction. See 28 U.S.C. § 2254(b)(3)(A). In the interest

3

of justice, the Clerk of the Court shall transfer this Petition to the Second Circuit.  <u>Chacon</u>, 2010 U.S. App. LEXIS 24532, at *3-4 (holding that district court erred by dismissing audita querela petition with prejudice; court should have treated action as successive Section 2255 petition and either dismiss without prejudice or transfer to Court of Appeals).

<u>CONCLUSION</u>

For the foregoing reasons, the Clerk of the Court is ORDERED to transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 and mark this matter CLOSED.  If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to re-open this case under this docket number.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January __11__, 2011
          Central Islip, New York